UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEN SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1262** |
| **VENETIA T. MICHAEL, WARDEN** | **SECTION "C" (6)** |

## ORDER AND REASONS[1]

Before the Court are a Motion for Extension of Time and a Motion to Compel Production of Documents. (Rec. Doc. 19, 20). Petitioner requests that this Court allow a seventy-five day time extension within which he may prepare a supplementary petition. Further, he requests that this Court compel the state to produce documents relating to the claim he intends to make in his supplementary petition. For the reasons which follow, both motions are DENIED.

### I. BACKGROUND

Petitioner was charged by bill of information with one count of armed robbery while armed with a handgun in violation of La. Rev. Stat. 14:64.3 and one count of aggravated flight

---

[1] Cecelia Trenticosta, a third-year law student at Loyola University, assisted in the preparation of this opinion.

1

from an officer in violation of La. Rev. Stat 14:108.1(C). On February 25, 2004, Petitioner entered a plea of not guilty and counsel was appointed. Tr. Vol. 4, at 1. On March 28, 2005, a hearing was held on Petitioner's motion to suppress the confession, tangible evidence, and identifications. Tr. Vol.4, at 166. The trial court denied all motions. Tr. Vol. 4, at 240-41. The State amended the charges to one count of first degree robbery in violation of La. Rev. Stat. 14:64.1. Petitioner entered a plea of not guilty to the amended charged. All motions to suppress were denied and trial commended March 29, 2005. Tr. Vol. 4, at 15-18.

The jury returned a verdict of guilty on March 30, 2005. Tr. Vol. 4, at 108. Petitioner made a pro se motion for post-verdict judgment of acquittal on May 20, 2005, which the trial court denied August 12, 2005 and sentenced him to 40 years imprisonment. On August 18, 2005, the Petitioner, through counsel, filed a motion to reconsider sentence and a motion for appeal. Tr. Vol. 4, at 162-64. The state filed a multiple bill alleging Petitioner to be a fourth felony offender on that date. Tr. Vol. 4, at 159. On March 28, 2006, Petitioner filed a brief with the Louisiana Fifth Circuit Court of Appeals asserting three assignments of error: (1) the identifications and statement were illegally obtained; (2) the evidence was insufficient to support the conviction; and (3) there was patent error in the sentencing. Tr. Vol. 6, Tab 5, at 12. Petitioner filed a *pro se* supplemental brief April 7, 2006. Tr. Vol. 2, Tab 1. The state filed a brief in opposition April 27, 2006. Petitioner filed a writ of mandamus with the appeals court to order the Clerk of Court for the 24th Judicial District to provide him with the record to assist him in filing a *pro se* supplemental brief. Tr. Vol. 6, Tab 6, at III. On May 11, the court of appeals issued an order allowing Petitioner until May 25 to file a supplemental brief. Tr. Vol. 6, Tab 7. The court of appeals affirmed Petitioner's conviction and remanded with instructions to rule on

Petitioner's motion for reconsideration of sentence. *State v. Scott*, 06-134 (La. App. 5 Cir. 7/25/06); 939 So.2d 462. The Louisiana Supreme Court denied the writ application on March 30, 2007. *State v. Scott*, 2006-2133 (La. 3/30/07); 953 So.2d 61.

The trial court denied Petitioner's motion to reconsider sentence but granted his motion to quash the multiple bill. Tr. Vol. 7, at 72, 79. Petitioner moved to appeal the denial of his motion to reconsider sentence and re-urge his original appeal, which the trial court granted June 22, 2007. Tr. Vol. 7, at 63. The appeal was dismissed October 16, 2007, upon Petitioner's motion. Tr. Vol. 3, Tab 4. On February 26, 2008, Petitioner filed a *pro se* petition for writ of habeas corpus in this Court. On March 20th, 2008, this Court issued an order that the Attorney General and District Attorney file an answer to Petitioner's application within 90 days. The state filed a motion for extension of time June 23, 2008, which was granted June 24, stipulating that the state would have until July 13, 2008 to file its answer. The state filed its answer on Monday, July 14, 2008.

Petitioner requested the production of documents from the Jefferson Parish District Attorney's Office on November 12, 2008. On December 1, 2008, Petitioner filed a motion for extension of time, requesting 75 days from the issuance of the order in which to prepare a motion to supplement the original petition with a claim of ineffective assistance of counsel. On December 5, 2008, the District Attorney's Office responded to Petitioner's request with a letter stating that, as a public records request, Petitioner must pay for the documents. Petitioner filed a motion to compel production of the documents with this Court on January 2, 2009, alleging that the documents were necessary for the purpose of preparing the motion to supplement. The state filed a motion in opposition on January 9, 2009.

## II. LAW AND ANALYSIS

### A. MOTION FOR EXTENSION OF TIME

A prisoner is required to file his petition for writ of habeas corpus within one year from the date the conviction becomes final. 28 U.S.C. 2244(d)(1)(A). In Louisiana, the finality of a judgment is determined by La. Code Cr. P. art. 922, which provides that when an application for writ of review from the Louisiana Supreme Court is made, the appellate court's judgment becomes final when the Louisiana Supreme Court denies the writ. A judgment is considered final for federal habeas corpus purposes upon the expiration of the time within which to apply for certiorari to the United States Supreme Court. Thus, the one-year period of limitations began ninety days from March 20, 2007, the date the Louisiana Supreme Court denied writ in this case, or June 11, 2007, and Petitioner had until June 11, 2008 to file his application for writ of habeas corpus. Petitioner's application was filed February 26, 2008, and thus was timely. Furthermore, the claims he raises in his petition have previously been presented to the Louisiana Supreme Court, which satisfies the exhaustion requirement. However, Petitioner's motion for extension of time was not made until December 1, 2008.

Federal Rule of Civil Procedure 15, which allows a party to amend its pleadings, applies to federal habeas corpus proceedings. *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). A supplemental or amended petition must be made within the one-year statute of limitations unless the supplement or amendment relates back to the original petition. Fed. R. Civ. P. 15. While Rule 15(c)(B) provides that an amendment "relates back" when the amendment "asserts a claim that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," the Supreme Court has construed this provision narrowly when

4

applied to federal habeas corpus. *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct 2562, 2570-71 (2005).

In *Felix*, the petitioner filed a timely habeas corpus petition challenging the admission of statements of a witness elicited in a pretrial interrogation in his original petition, and then later filed an (untimely) amended petition challenging the admission of his own statements, obtained at a different time and place. Felix argued that because the Fifth Amendment is not implicated until statements are introduced at trial, the relevant "transaction or occurrence" was the trial itself; thus, the subsequent claim related back to the original (timely) petition. The Court rejected this argument on grounds that "the predicate" for the claim that his own statement had been illegally obtained was an "extrajudicial event" and not the trial itself. 125 S.Ct. at 2573. Accordingly, the Court held that "[a]n amended habeas petition does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.*

In this case, Petitioner essentially seeks leave of 75 days to amend his original petition to add a claim of ineffective assistance of counsel. Petitioner's Motion for Ext. of Time, at II. As previously mentioned, the statute of limitations ended on June 11, 2008; any further amendments or supplemental pleadings submitted after the state filed its response would have to relate back to the original pleading in order to be considered timely. A court may, at its discretion, allow an amendment that clarifies or enhances a claim or theory in a timely filed habeas petition, but an amended or supplemental petition that raises an entirely new claim for relief supported by facts that "differ in time and type" from those set forth in the original pleading does not relate back to the original petition. *Felix*, 125 S.Ct. at 2571.

Petitioner's original petition contains three claims for relief: (1) the identifications and

5

statement were illegally obtained; (2) the evidence was insufficient; and (3) the Court of Appeals erred in failing to provide appellate records to assist in preparing a pro se brief on appeal. Because a claim of ineffective assistance of counsel would depend on facts entirely different in time and type from the original claims set forth in his petition, Petitioner is not entitled to an extension of time to prepare a supplemental petition. Moreover, even if Petitioner had made his motion for extension of time before the one-year time statute of limitations had run, such an extension would have been futile because he would not be able to present a claim of ineffective assistance of counsel in federal habeas corpus at this time due to failure to exhaust state remedies. Petitioner may, of course, present such a claim in a state habeas proceeding pursuant to state rules of procedure. Accordingly, Petitioner's Motion for Extension of Time is DENIED.

### B. MOTION TO COMPEL

Petitioner filed a motion requesting that the state be compelled to produce transcripts and other documents from the state court proceedings in order to assist him in preparing an amendment to his habeas corpus petition. Unlike an average civil litigant, a habeas corpus petitioner is not entitled to broad discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A habeas petitioner is entitled to invoke all applicable federal rules of discovery, however, it is within the district judge's discretion and subject to the requirement of good cause shown as to whether to allow discovery. Rule 6(a) of the 2254 Rules. Good cause exists where "specific allegations before the court show reason to believe that petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 909; *Reed v. Quarterman*, 504 F.3d 465, 471-72 (5th Cir. 2007).

Petitioner asserts that the requested documents will help support his claim of ineffective

6

assistance of counsel with "factual specificity." Pet. Mtn. to Compel at 5. He provides a litany of instances in which he alleges his trial counsel committed unprofessional errors, including failure "to impeach the testimonies of each state witness, to challenge the [victim's] identification of petitioner, to argue effectively against insufficient evidence, to argue effectively that a second suspect existed, to argue that the victim made only a clothing identification . . ., to argue that evidence was planted in petitioner's truck, and to argue effectively before the jury." Pet. Mtn. to Compel at 6.

However specific these claims may be, they are not tied with any specificity to the claims currently before the court. As this Court has denied Petitioner's request for an extension of time to prepare a supplemental petition, he would not be able to present a claim of ineffective assistance of counsel even if this Court was to grant his motion to compel. Petitioner is free to request these documents under the Public Records Act. La. Rev. Stat §§ 44:31, 44:3(1).

Accordingly,

IT IS ORDERED that Petitioner's Motion for Extension of Time and his Motion to Compel Production of Documents are hereby DENIED. (Rec. Doc. 19, 20).

New Orleans, Louisiana, this 6th day of February, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**