# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEN H. SCOTT | CIVIL ACTION |
| VERSUS | NO: 08-1262 |
| WARDEN VENETIA T. MICHAEL | SECTION: "C" (6) |

## ORDER & REASONS

Before the Court is a Motion for Consideration, filed by Petitioner Ben H. Scott, requesting application of the "plain error" standard of review to his habeas corpus petition for relief. Rec. Doc. 24. For the following reasons, Petitioner's Motion for Consideration is DENIED.

## I. BACKGROUND

Petitioner Ben Scott was convicted of first-degree robbery on March 30, 2005 and subsequently sentenced to a term of 40 years in prison. Rec. Doc. 3. On March 28, 2006, Petitioner filed a brief with the Louisiana Fifth Circuit Court of Appeals asserting three assignments of error: (1) the identifications and statement were illegally obtained; (2) the evidence was insufficient to support the conviction; and (3) there was patent error in the sentencing. Tr. Vol. 6, Tab 5, at 12. The Fifth Circuit affirmed Petitioner's conviction, and the Louisiana Supreme Court denied Petitioner's writ application on March 30, 2007. Rec. Doc. 3. On March 20, 2008, Petitioner appealed to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. *Id.* After subsequent motions and with review of his habeas petition still pending, Petitioner filed this Motion for Consideration on

February 19, 2009. Rec. Doc. 24.

## II. LAW & ANALYSIS

Petitioner's Motion for Consideration requests that this court apply the plain error standard in reviewing his habeas corpus petition. *Id.* He cites specific instances at trial which he urges merit review and relief under this stringent standard, including defense counsel's failure to make contemporaneous objections to the state's presentation of irrelevant or prejudicial evidence. *Id.* He offers cases to support application of the plain error exception to the requirement of contemporaneous objection. *Id.* He cites the Tenth Circuit explanation that a defendant's failure to contemporaneously object to the prosecutor's use of certain statements at trial "severely limits" the appellate scope of review, preventing the reviewing court from reaching the merits of defendant's objection unless the plain error exception is invoked. *U.S. v. Toro-Pelaez*, 107 F.3d 819, 827 (10th Cir. 1997).

Petitioner also cites an Eighth Circuit opinion which applied the plain error standard in reviewing the district court's admission of testimony regarding domestic abuse. *U.S. v. Abrams*, 108 F.3d 953, 955 (8th Cir. 1997). However, review in *Abrams* was conducted on direct appeal by an appellate court. Here, Petitioner asks this Court to apply the same test to his habeas corpus petition, collaterally attacking his state court conviction. This distinction makes the Eighth Circuit's approach improper under these circumstances.

This Court outlined a standard of review for federal habeas corpus claims as set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), under which jurisdiction is proper where petitioner is "in custody" under the conviction he is attacking. 28 U.S.C. § 2254(d). The

AEDPA provides that, "as to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Perez v. Cain*, 2008 WL 108661, 6 (E.D.La. 2008). Section 2254(d) enunciates the following standard for evaluating a request for habeas corpus relief :

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

This Court has identified Section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses as having independent meaning. *Id.* Under the "contrary to" clause, issuance of a writ is appropriate where "the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Id.* Relief under the "unreasonable application" clause is appropriate where "the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Id.* The Fifth Circuit has held that, under Section 2254, a state court's findings receive a presumption of correctness, and "a habeas petitioner has the burden to prove that he is entitled to relief." *Orman v. Cain*, 228 F.3d 616, 619 (5th Cir. 2000).

The Supreme Court of the United States set out a clear standard for review of federal post-conviction claims based on trial error. *U.S. v. Frady*, 456 U.S. 152 (1982). In *Frady*, the Supreme Court begins its review of such a claim with the assertion that, "to obtain collateral relief a prisoner

3

must clear a significantly higher hurdle than would exist on direct appeal." *Id.* at 153. Specifically addressing the potential applicability of the "plain error" standard to review of such a request for collateral relief, the Court stated that:

> "Because it was intended for use on direct appeal, however, the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." *Id.* at 164.

As the proper standard for review of such a collateral attack, the Supreme Court offered the "cause and actual prejudice" standard enunciated in *Davis v. U.S.*, 411 U.S. 233 (1973). *Id.* at 167. Under this standard, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 167-168.

In this ruling, however, the Court addresses only the appropriateness of applying the "plain error" standard to a federal district court's review of Petitioner's request for habeas corpus relief. Finding no reason to disagree with the Supreme Court's conclusion that "use of the 'plain error' standard is 'inconsistent or inequitable in the overall framework' of collateral review of federal criminal convictions," Petitioner's request for application of the "plain error" standard by this court is rejected. *Frady*, at 166. Thus, Petitioner Ben Scott's Motion for Consideration is denied.

### III. CONCLUSION

Accordingly,

4

IT IS ORDERED that Petitioner's Motion for Consideration is DENIED. Rec. Doc. 24.

New Orleans, Louisiana, this 9th day of September, 2009.

                                        **HELEN G. BERRIGAN**
                                        **UNITED STATES DISTRICT JUDGE**